UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION


IN RE:

HAROLD RAY DUCKER
EUGENIA ANN DUCKER

DEBTORS                                     CASE NO. 06-70250
                                            CHAPTER 13

### MEMORANDUM OPINION AND ORDER

     This matter has come before the court as a result of the
attempted sale of the Debtors' real estate at foreclosure three days
after they filed their Chapter 13 petition.  The successful bidder at
that sale, Jack Looney ("Looney"), seeks to have the court apply
Bankruptcy Code section 549 to the transfer so that he may complete
the purchase of the property.  The court has taken this matter under
submission by order entered on April 2, 2007, and it is ripe for
decision.

     The Debtors entered into a mortgage with CIT Group/Consumer
Finance, Inc. ("CIT") in July 2000.  They subsequently defaulted on
the mortgage, and CIT sued them in Letcher Circuit Court.  A Judgment
and Order of Sale was entered on July 26, 2006, and the Master
Commissioner noticed a foreclosure sale for September 5, 2006.  The
Debtors filed their Chapter 13 petition on September 2, 2006.  Looney,
through his wife, bid $17,001.00 ($1.00 more than CIT's sealed bid)
for the property, and paid the Master Commissioner a $1,710.00
deposit.  The Debtors' prior bankruptcy counsel appeared at the
foreclosure sale to notify the Master Commissioner and potential
buyers of the bankruptcy filing, but the sale was concluded before she

1

arrived.

The Debtors filed a Motion to Set Aside Sale in the Letcher Circuit Court on September 6, 2006, stating that their petition was filed before the foreclosure sale was conducted and asserting the protection of the automatic stay under Code section 362.  On October 4, 2006, the Letcher Circuit Court entered an order placing the matter in abeyance and removing it from its active docket.  Looney filed his Verified Motion for Relief in this court on December 13, 2006.  The Debtors filed their Response to Verified Motion for Relief on January 8, 2007.  The parties have filed memoranda in support of their respective positions.  For the reasons set out below, the court will overrule Looney's Verified Motion for Relief.

Looney contends that he may obtain relief from the effects of the automatic stay under the terms of Bankruptcy Code section 549(c) which provides in pertinent part:

> The trustee may not avoid under subsection (a) of this section a transfer of an interest in real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of an interest in such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such real property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to such interest of such good faith purchaser.

11 U.S.C. § 549(c).  The Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") created a new exception to the automatic stay, section 362(b)(24), which excepts from the stay a transfer which is not avoidable under section 544 and not avoidable under section 549.  Nothwithstanding the fact that he does not cite section 362(b)(24) in support of his argument, Looney might have had relief

from the stay pursuant to that section if section 549 applied to the foreclosure sale under consideration, but it does not.

In *In re Striblin*, 349 B.R. 301(Bankr. M.D. Fla. 2006), the court was faced with the same situation as that before this court.  A third party purchased the debtor's homestead property included in the Chapter 13 estate at a foreclosure sale conducted post-petition in ignorance of the filing of the debtor's petition.  The purchaser argued that he was a good faith purchaser pursuant to section 549(c), and as such should have relief from the stay.  The court found as follows:

> Section 549 applies only to debtor initiated transfers.  *See 40235 Washington Street Corp. v. Lusardi*, 329 F.3d 1076, 1081 (9th Cir. 2003)(noting that '[t]he purpose of section 549 . . . is to provide a just resolution when a debtor himself initiates an unauthorized post-petition transfer'); *In re Ford*, 296 B.R. 537, 548 (Bankr. N.D. Ga. 2003)(noting that § 549's purpose is to protect a debtor's estate from a debtor's unauthorized but voluntary post-petition transfer of estate property); 2 Henry J. Sommer & Lawrence P. King, *Collier Bankruptcy Manual* § 549.06 (3d ed. 2006)(noting that the purpose of § 549 is to 'protect against a fraudulent debtor selling real property, or its interest therein, for present fair equivalent value to an innocent purchaser who has no knowledge, or reasonable means of knowledge, of the pendency of the bankruptcy case').
> Moreover, even were the Court to find that § 549 applies to non-debtor initiated transfers, § 549 insulates a *transfer* to a bona fide purchaser, not the foreclosure sale itself, from the automatic stay. . . .
> Because the Sale is not a transfer to which § 549 applies in the first instance, it is not 'not avoidable under section 549' and is therefore not an exception to the automatic stay as set forth in § 362(b)(24).

*Id.* at 303-04.

This court agrees with the *Striblin* court's reasoning, and therefore concludes that Looney's Verified Motion for Relief should be, and it hereby is, overruled.

3

Copies to:

Jeanne K. Channell, Esq.
James A. Hubbard, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*William S. Howard*
**Bankruptcy Judge**
**Dated: Tuesday, April 03, 2007**
**(wsh)**